United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Judith Rios, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-21587-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

### Order Denying Unopposed Motion for Stay

Defendant Carnival Corporation seeks an unopposed stay of this case for forty-five days. (Def.'s Mot., ECF No. 8.) In support of its motion, Carnival points to various obstacles and impediments brought about by the Coronavirus pandemic. The Court is not unmindful of the unprecedented impact this pandemic is having on businesses and society, generally, and, in particular, on the cruise industry. Indeed, the Court is empathetic with the difficulties that parties and attorneys are now facing with respect to the orderly litigation of their cases.

On the other hand, there are still many aspects of litigation that can continue, remotely and while maintaining social distancing, despite the circumstances. Whether those tasks are applicable to a certain case will depend on the stage of the litigation in any given matter. In other words, the Court does not find a one-size-fits-all, blanket stay or extension of deadlines appropriate for all the cruise-industry cases now before it.

Accordingly, Carnival's motion is **denied**, albeit **without prejudice** (**ECF No. 8**). Instead, the Court **orders** the parties to **meet and confer**, either by telephone or video conferencing, in order evaluate the specifics of the case at issue. Depending on the stage of the litigation, attorneys can still file pleadings and brief legal issues, parties can still exchange quite a bit of discovery, and parties can meet and confer, remotely, to discuss the status of the case, among other activities. There is no reason for all litigation to grind to a halt in many cases. Indeed, allowing that to happen will only exacerbate, in many cases, the detrimental effects of this crisis. On the other hand, the Court is not unmindful of some tasks that are rendered virtually impossible under the current circumstances and the Court will, of course, accommodate all reasonable requests that relate to particular deadlines in specific cases.

To the extent extensions of deadlines are necessary, the parties are, thus, **ordered** to file, on or before **June 26, 2020**, a **joint status report and proposed scheduling order** which (1) allows for those aspects of litigation that can continue to continue and (2) proposes a realistic amended scheduling order,

assuming unencumbered travel and in-person meetings will not be possible for quite some time, specifically tailored to this case. The parties need not file a joint scheduling report on June 12, 2020 as originally ordered. To the extent there are cases that simply cannot continue in any meaningful way, under these conditions, the parties must provide sufficient justification and the Court will consider staying those cases in their entireties until they are able to resume.

**Done and ordered** at Miami, Florida, on June 12, 2020.

Robert N. Scola, Jr.
United States District Judge